1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9   AASIM NIA,                                    CASE NO. 1:08-cv-00520-AWI-DLB (PC)

10                      Plaintiff,               ORDER TO SHOW CAUSE

11        v.                                      (Doc. 1)

12   DERRAL ADAMS,

13                      Defendant.                TWENTY (20) DAY DEADLINE

14   _____/

15        Plaintiff Aasim Nia ("Plaintiff"), Inmate No. T-80306, is a state prisoner proceeding pro

16   se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed

17   his complaint on April 16, 2008.  (Doc. 1.)

18        The Court is required to screen complaints brought by prisoners seeking relief against a

19   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

20   However, as a preliminary matter, before the Court will screen Plaintiff's complaint, it is

21   necessary that Plaintiff have exhausted available administrative remedies prior to filing his

22   complaint.

23        Plaintiff's complaint alleges an Equal Protection violation for being housed with gang-

24   affiliated inmates.  Plaintiff in his complaint states that he completed the administrative appeal

25   process.  Plaintiff states that he appealed to the third level of review, at which his appeal was

26   denied and he was instructed to file a second grievance regarding being housed with gang-

27   affiliated inmates.  Plaintiff states that he filed this second grievance on November 7, 2007.  By

28   December 21, 2007, Plaintiff had yet to receive a response to his second grievance.  (Doc. 1, pp.

1 | 2, 6.)

2 |     Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

3 | respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

4 | confined in any jail, prison, or other correctional facility until such administrative remedies as are

5 | available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available

6 | administrative remedies prior to filing suit.  Jones v. Bock, 127 S. Ct. 910, 918-19 (2007);

7 | McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required

8 | regardless of the relief sought by the prisoner and regardless of the relief offered by the process,

9 | Booth v. Chruner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all

10 | prisoner suits relating to prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002).

11 |     The California Department of Corrections has an administrative grievance system for

12 | prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2007).  The process is initiated by

13 | submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including

14 | the informal level, first formal level, second formal level, and third formal level, also known as

15 | the "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days

16 | of the event being appealed, and the process is initiated by submission of the appeal to the

17 | informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).  In

18 | order to satisfy section 1997e(a), California state prisoners are required to use this process to

19 | exhaust their claims prior to filing suit.  Woodford v. Ngo, 126 S. Ct. 2378, 2383 (2006);

20 | McKinney, 311 F.3d at 1199-1201.  "[E]xhaustion is mandatory under the PLRA and . . .

21 | unexhausted claims cannot be brought in court."  Jones, 127 S. Ct. at 918-19 (citing Porter, 435

22 | U.S. at 524).  "All 'available' remedies must now be exhausted; those remedies need not meet

23 | federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524

24 | (quoting Booth, 532 U.S. at 739 n.5).

25 |     Plaintiff states in his complaint that he was instructed at the third formal level of review

26 | to file another grievance regarding his being housed with a gang-affiliated inmate.  On the face of

27 | the complaint, it appears that the administrative grievance process is still on-going because

28 | administrative remedies remain available.  It is thus unclear from Plaintiff's complaint whether

1   he has completed the administrative grievance process as required by the PLRA.

2      Accordingly, it is HEREBY ORDERED that within **twenty (20) days** of service of this

3   order, Plaintiff must show cause why this Court should not dismiss this action pursuant to 42

4   U.S.C. § 1997e(a).

5      Failure to respond timely to this order will result in dismissal of this action without

6   prejudice.

7

8      IT IS SO ORDERED.

9      **Dated:**    **January 6, 2009**           **/s/ Dennis L. Beck**

                                         UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28