# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AASIM NIA,<br><br>           Plaintiff,<br><br>     v.<br><br>DERRAL ADAMS,<br><br>           Defendant. | CASE NO. 1:08-cv-00520-AWI-DLB PC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(Docs. 7 and 8) |

Aasim Nia ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with a civil rights complaint pursuant to 42 U.S.C. § 1983. By order filed on January 6, 2009, the Court directed Plaintiff to show cause why the Court should not dismiss this action pursuant to 42 U.S.C. § 1997e(a). In his complaint, Plaintiff had stated that he completed the administrative appeal process and was instructed at the Director level to file a second grievance regarding being housed with gang-affiliated inmates because of race. Plaintiff stated that he filed this second grievance on November 7, 2007, and had received no response. It was unclear whether Plaintiff ever received a response, and thus unclear whether administrative remedies remained available. Therefore, the Court issued said order to show cause on January 6, 2009.

On January 30, 2009, Plaintiff filed his response to the Order to Show Cause. (Doc. 8.) Plaintiff stated that he had complied with the Director level instruction to file a second grievance. Plaintiff stated that at the time of the filing of his complaint, Plaintiff had yet to receive any response to his second grievance. (Doc. 8, p. 4:1-9.)

Although the Ninth Circuit has not yet decided the issue, Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) (it is unclear if any exceptions to exhaustion apply), other Circuit Courts have addressed the issue and held that exhaustion occurs when prison officials prevent

1

exhaustion from occurring through misconduct or fail to respond to a grievance within the policy time limits, e.g., Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, [] and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." (quoting Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006))); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust).

Plaintiff contends that prison officials failed to respond in a timely manner to his grievance, thus exhausting his available administrative remedies. Good cause shown, the Order to Show Cause issued on January 6, 2009 is HEREBY DISCHARGED.

IT IS SO ORDERED.

Dated: **February 4, 2009**            /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE

2