# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AASIM NIA, | 1:08-CV-00520-AWI-DLB PC |
|         Plaintiff, | ORDER DENYING FIRST MOTION TO COMPEL |
| v. | (ECF NO. 25) |
| DERRAL ADAMS, | |
|         Defendant. / | |

**I.   Background**

Plaintiff Aasim Nia ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's complaint, filed April 16, 2008, against Defendant Derral Adams for violation of the Equal Protection Clause of the Fourteenth Amendment.[1]  Pending before the Court is Plaintiff's motion to compel, filed February 12, 2010.  (Pl.'s Mot. Compel, ECF. No. 25.)  Defendant filed an opposition on March 5, 2010.  (Def.'s Opp'n Mot. Compel, ECF No. 28.)

Plaintiff moves to compel further response to Plaintiff's first set of Requests For Production Nos. 1, 3, and 5.  The Court addresses each in turn.

---

[1] Plaintiff alleges that while he was incarcerated at Corcoran State Prison, Defendant Adams as warden treated Plaintiff, an African American, differently from Hispanic inmates. (Pl.'s Compl. ¶¶ 2-16.) Plaintiff alleges that he is not affiliated with any prison gang, but his cell mate is allegedly affiliated with the Crips. Plaintiff alleges that when Crips are placed on lockdown status, their cell mates are also placed on lockdown status, regardless of affiliation, which does not occur with Hispanic inmates. Plaintiff alleges that he was denied visiting privileges simply because he was housed with a cell mate assumed to be a Crip.

1

## II. Motion To Compel

### A. Request For Production No. 1

Pl.'s Request: The plaintiff would like the defendant to produce the Master Roster, or the Daily Movement Sheet, that states all the inmates that were housed on facility 3A yard, their affiliation, their assigned housing unit and cell number, and their racial inheritance on the day of February 27, 2007.

Def.'s Response: Defendant objects to this request on the grounds that it is over broad, burdensome, requests that Defendant compile documents which do not exist, and is not rationally calculated to lead to the discovery of admissible evidence. Without waiving the objections, there is no document responsive to this request.

Plaintiff contends that the document does exist because he has seen them and they are required by the CDCR Operations Manual § 52020.5.5. (Pl.'s Mot. Compel 2:24-3:6.) Defendant contends that the requested document does not exist. Defendant contends that the Daily Movement Sheet is recorded in a computer data base, and updated on a daily basis. (Def.'s Opp'n 3:17-22; Ex. A, Custody Captain M. Seifert Decl. ¶ 2-3.) Defendant contends that the information from the Daily Movement Sheet does not contain inmate affiliation with gangs, but it does identify the inmate's ethnicity. (Def.'s Oppn 3:22-24.) Defendant contends that inmate location information is updated daily, and it would thus not be possible to create a document which would provide a cell by cell listing of all the inmates in III-A Facility on February 27, 2007. (Def.'s Opp'n 4:1-4; M. Seifert Decl. ¶ 5.) Defendant contends that sheets are printed as needed, and discarded when no longer needed. (Def.'s Opp'n 3:24-25; M. Seifert Decl. ¶ 4.)

The Court finds Defendant's argument persuasive. A daily updated movement sheet would make it impossible to provide a cell listing on February 27, 2007. Unless a sheet was printed and retained, no sheet copy of this document appears available. Accordingly, Plaintiff's motion to compel further response to Request For Production No. 1 is denied.

### B. Request For Production No. 3

Pl.'s Request: The plaintiff would like documentation of the visiting schedule for facility 3A yard for the year of 2007 through 2008 (i.e. how the visiting was operated, what groups of inmates was allow to use the visiting room at what time. By what group, I want to know what racial groups, gang groups, etc., were allow to use the visiting room at what time, and who they couldn't use the visiting room with).

| | | |
|---|---|---|
| Def.'s Response: | | Defendant objects to this request on the grounds that it is over broad, burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the objections, Attachment 1, the Program Status Reports indicate whether there were any restrictions on normal visiting operations. |

Plaintiff contends that he seeks the visiting schedule and how visiting is to be operated. (Pl.'s Mot. Compel 3:13-21.) Defendant contends that he fully responded to Plaintiff's request, and any other documentation is not relevant to this action. (Def.'s Opp'n 5:25-28.) Defendant contends that Plaintiff did not request the local operational procedure for visiting, and if he requested that, he should have made a specific request. (*Id.* at 5:21-22.)

Defendant contends that the visiting schedule is not likely to lead to the discovery of admissible evidence. (*Id.* at 5:25-27.) Defendant contends that Plaintiff was provided with the Lockdown Status Reports for the time period at issue, which contains information concerning which groups were on lockdown, and whether there were any restrictions on visitation. (*Id.* at 6:1-6.)

It is unclear what relevance the visiting schedule itself would have to this action. Defendant responded to Plaintiff's request by providing him with the Lockdown Status Reports for that time period. Absent a showing that there are other documents that are responsive to this request, Plaintiff's motion to compel further response to Request For Production No. 3 is denied.

### C.    Request For Production No. 5

| | | |
|---|---|---|
| Pl.'s Request: | | The plaintiff would like a copy of the procedures use to house inmates at Corcoran State Prison on Facility 3A yard from January of 2006 through April of 2008. This would include any policy Corcoran State Prison use to place inmates in the cell together and why certain inmates (i.e. if a inmate is not allowed to go in the cell with another inmate because of his gang group or racial inheritance, I would like a copy of that policy or procedure that explains how those inmates are to be housed). |
| Def.'s Response: | | See Attachment 3. |

Plaintiff contends that how CDCR requires inmates to be housed and how Corcoran State Prison housed inmates are two separate documents. (Pl.'s Mot. Compel 3:8-12.) Defendant contends that there are no other documents responsive to this request. (Def.'s Opp'n 5:1-3.)

Attachment 3 is the housing policies and procedures used by Corcoran State Prison, which is the written policy issued by the CDCR. Defendant appears to have responded fully to

3

Plaintiff's request for production. Absent a showing by Plaintiff that some other responsive document actually exists, the Court denies Plaintiff's motion to compel further response to Request For Production No. 2.

### III.     Conclusion And Order

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel, filed February 12, 2010, is DENIED.

IT IS SO ORDERED.

Dated:   **August 3, 2010**             /s/ **Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE