# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AASIM NIA,<br><br>             Plaintiff,<br><br>    v.<br><br>DERRAL ADAMS,<br><br>             Defendant.<br>                                      / | 1:08-CV-00520-AWI-DLB PC<br><br>ORDER GRANTING MOTION TO WITHDRAW (DOC NO. 34) AND DISREGARDING SECOND MOTION TO COMPEL (DOC NO. 30)<br><br>ORDER DENYING THIRD MOTION TO COMPEL (DOC NO. 35) |

**I.      Background**

Plaintiff Aasim Nia ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's complaint, filed April 16, 2008, against Defendant Derral Adams for violation of the Equal Protection Clause of the Fourteenth Amendment.[1] Pending before the Court is Plaintiff's second motion to compel, filed April 8, 2010, and Plaintiff's third motion to compel, filed June 21, 2010 . (Pl.'s Second Mot. Compel, DOC. No.30; Pl.'s Third Mot. Compel, DOC No. 35.) The Court addresses each in turn.

**II.     Second Motion To Compel**

Defendant filed an opposition to the second motion to compel on April 29, 2010. (Def.'s Opp'n, DOC No. 32.) Defendant contends that Plaintiff's second motion to compel repeats the

---

[1] Plaintiff alleges that while he was incarcerated at Corcoran State Prison, Defendant Adams as warden treated Plaintiff, an African American, differently from Hispanic inmates. (Pl.'s Compl. ¶¶ 2-16.) Plaintiff alleges that he is not affiliated with any prison gang, but his cell mate is allegedly affiliated with the Crips. Plaintiff alleges that when Crips are placed on lockdown status, their cell mates are also placed on lockdown status, regardless of affiliation, which does not occur with Hispanic inmates. Plaintiff alleges that he was denied visiting privileges simply because he was housed with a cell mate assumed to be a Crip.

1

same request raised in Plaintiff's first motion to compel, which was resolved by a separate order.

On May 17, 2010, Plaintiff filed a motion to withdraw the second motion to compel. (Pl.'s Mot. Withdraw, DOC No. 34.) Plaintiff contends that he filed the second motion to compel to preserve his discovery request. (Pl.'s Mot. 1:24-2:1.) That motion is unnecessary. Accordingly, it is HEREBY ORDERED that Plaintiff's motion to withdraw, filed May 17, 2010, is GRANTED and Plaintiff's second motion to compel, filed April 8, 2010, is DISREGARDED.

### III.  Third Motion To Compel

Plaintiff filed his third motion to compel on June 21, 2010. (Pl.'s Third Mot. Compel (hereinafter "Mot. Compel"), DOC No. 35.) Defendant filed an opposition on July 12, 2010. (Def.'s Opp'n, DOC No. 36.)

Defendant contends that Plaintiff's motion to compel is untimely, because it was filed more than six weeks after Defendant served Plaintiff with his responses. (Def.'s Opp'n 2:15-19.) However, Plaintiff in his motion withdrawing his second motion to compel also requested leave to file a motion to compel further response after receiving Defendant's responses. (Pl.'s Mot. 2:7-22, filed May 17, 2010, DOC No. 34.) Thus, Plaintiff's request for an extension of time to file a motion to compel was made in a timely manner. Because Plaintiff is a prisoner proceeding pro se, the Court will grant Plaintiff leave to file a third motion to compel.

####   A.   Request For Production No. 1

Pl.'s Request:  The plaintiff would like documentation of the visiting schedule for facility 3A yard for the year of 2007 through 2008 (i.e. how the visiting was operated, what groups of inmates was allow to use the visiting room at what time. By what group, I want to know what racial groups, gang groups, etc., were allow to use the visiting room at what time, and who they couldn't use the visiting room with).

Def.'s Response:  Defendant objects to this request on the grounds that it is over broad, burdensome, and not rationally calculated to lead to the discovery of admissible evidence. Without waiving the objections, Attachment 1, the Program Status Reports indicate whether there were any restrictions on normal visiting operations.

Plaintiff contends that Defendant has a document which contains inmate housing by cell number, racial group, and disruptive group. (Pl.'s Mot. Compel 3:7-23.) Defendant contends that he responded to Plaintiff's request by producing the Program Status Reports, which indicate

2

if there was any modification of normal visiting procedures.  (Def.'s Opp'n 5:23-25.0  Plaintiff raises the same arguments from his first motion to compel, which the Court has previously addressed.  Defendant has responded to Plaintiff's request by producing Program Status Reports for the time period in question.  Absent a showing that other documents actually exist which are responsive to Plaintiff's request, Plaintiff's motion to compel further response to Request For Production No. 1 is denied.

**B.     Request For Production No. 2**

<u>Pl.'s Request</u>:     The plaintiff Aasim Nia would like the defendant Derral Adams to produce documentation of how the visiting room was to be operated at Corcoran State Prison on Facility 3A yard between January 2005 thru January of 2008. This document the plaintiff is requesting is the same document as described in the California Code of Regulations, Title 15 section 3171.

<u>Def.'s Response</u>:     See, Attachment 1.

Plaintiff contends that the documents he received are not the correct documents.  (Pl.'s Mot. Compel 4:4-19.)  Defendant responded by producing Program Status Reports for Plaintiff indicating how normal visiting was modified in response to inmate violence.  (Def.'s Opp'n 6:18-8:2; Ex. C, Program Status Reports).  Again, this request was previously raised in Plaintiff's first motion to compel.  Absent a showing that other documents actually exist which are responsive to Plaintiff's request, Plaintiff's motion to compel further response to Request For Production No. 2 is denied.

**IV.    Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that

1.     Plaintiff's motion to withdraw, filed May 17, 2010 is GRANTED;

2.     Plaintiff's second motion to compel, filed April 8, 2010, is DISREGARDED; and

3.     Plaintiff's third motion to compel, filed June 21, 2010, is DENIED.

IT IS SO ORDERED.

Dated:     **August 3, 2010**            /s/ **Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE

3