# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AASIM NIA, | 1:08-cv-0520-AWI-DLB-PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR THE ATTENDANCE OF AN ADDITIONAL INCARCERATED INMATE WITNESS |
| DERRAL ADAMS, | |
| Defendant. | (Doc. #60) |

Plaintiff Aasim Nia ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  Trial is currently set for February 23, 2010.

In this action, Plaintiff contends that Defendant Derral Adams violated his equal protection rights.  Plaintiff alleges that Defendant maintained a policy that allowed non-affiliated African American inmates to be housed with gang affiliated inmates but did not require non-affiliated Hispanic inmates to be housed with gang affiliated inmates.  Plaintiff alleges that this policy forced non-affiliated African American inmates celled with gang affiliated inmates to be placed on lock-down anytime gang affiliated inmates were on lock down,  However, because non-affiliated Hispanic inmates were never housed with gang affiliated inmates, non-affiliated Hispanic inmates were never on lock down when only gang affiliated inmates were on lockdown.

1

1   On January 31, 2011, Plaintiff filed a motion for the attendance of an additional incarcerated

2   inmate to be brought to trial to testify.    Plaintiff requests that Inmate Andre Demon be brought to

3   testify at trial.   Plaintiff states that Mr. Demon was an inmate involved in the incident which caused

4   a lockdown at issue in this case.   Plaintiff contends Mr. Demon's testimony is needed because

5   Defendant is intending to offer an inaccurate exhibit regarding this incident.   Plaintiff argues he only

6   learned that Defendant was planning to introduce this inaccurate exhibit on January 25, 2011, and as

7   such, Plaintiff was unable to make this request earlier.

8   The court will not grant Plaintiff's motion at this time.   Plaintiff has failed to provide

9   evidence that Mr. Demon is willing to be brought to court to testify in this action.  Plaintiff has also

10   not provided sufficient information about Mr. Demon, such as his identification number.   Finally,

11   Mr. Demon's proposed testimony has little or no relevance in this action.   The issue in this action is

12   not whether a particular lockdown was required or a reasonable response to an incident.   This action

13   alleges Plaintiff's equal protection rights were violated by different housing rules, and not that

14   Plaintiff's Eighth Amendment rights were violated by being confined during a particular lockdown.

15   As such, the issues in this action are:  (1) Whether Defendant had a policy that housed non-affiliated

16   African American inmates with gang affiliated inmates but did not house non-affiliated Hispanic

17   inmates with gang affiliated inmates; and (2) The penological reason for this difference in housing

18   rules between African American inmates and Hispanic inmates.   It does not appear Mr. Demon has

19   relevant testimony concerning either of these issues.

20   Accordingly, the court ORDERS that Plaintiff's motion for the attendance of an additional

21   incarcerated inmate is DENIED.

22   IT IS SO ORDERED.

23

Dated:    February 4, 2011

24   _____

CHIEF UNITED STATES DISTRICT JUDGE

25

26

27

28                                               2